**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             No.   04-cr-1308 RB
                                                                                              16-cv-0545 RB/SMV

CARLOS PEREZ,

    Defendant.

**ORDER DENYING THE UNITED STATES'
MOTION TO STAY PENDING RULING IN *BECKLES***

THIS MATTER is before the Court on the United States' Opposed Motion for Stay of Proceedings Pending the United States Supreme Court's Decision in *United States v. Beckles* [CV Doc. 5], [CR Doc. 59], filed on July 13, 2016. Mr. Perez filed his response on July 22, 2016. [CV Doc. 6], [CR Doc. 60]. The United States replied on July 25, 2016. [CV Doc. 7], [CR Doc. 61]. Having reviewed the relevant portions of the record in both the civil and criminal cases, the briefing, and the relevant law, and being otherwise fully advised in the premises, the Court finds that the motion is not well-taken and should be denied.

Mr. Perez has moved to vacate his sentence as unconstitutional pursuant to 28 U.S.C. § 2255(a). He asks the Court to extend to his case the logic of *United States v. Johnson*, 135 S. Ct. 2551, 2557 (2015), (which held as void for vagueness the so-called residual clause of the definition of "violent felony" found in the Armed Career Criminal Act). Mr. Perez argues that he was sentenced under the so-called residual clause of the definition of "crime of violence" found in the career offender guideline of the United States Sentencing Guidelines. Because the

language in both residual clauses is substantially similar, Mr. Perez argues that he should be resentenced.

Many of the issues raised in Mr. Perez's motion under § 2255 are currently before the Supreme Court in *Beckles v. United States* (S. Ct. No. 15-8544).  Accordingly, the United States moved to stay Mr. Perez's case pending the Court's ruling in *Beckles*.  [CV Doc. 5], [CR Doc. 59].  Mr. Perez opposed the stay because he will be released before *Beckles* is decided. [CV Doc. 6] at 3, [CR Doc. 60] at 3.  He contends that a stay will prejudice him because, if the Court is persuaded by his motion and resentences him, he will likely be eligible for immediate release.  *See id.*  The United States does not dispute that a stay would prejudice Mr. Perez. [CV Doc. 7], [CR Doc. 61].

The Court will deny the motion to stay for two reasons.  First, a stay would prejudice Mr. Perez.  Second, regardless of how the Court rules in *Beckles*, Mr. Perez is not entitled to resentencing because he was not sentenced under the residual clause of the career offender guideline; he was sentenced under the enumerated clause.  (The reasons for this conclusion are fully set out in a Proposed Finding and Recommended Disposition, filed concurrently herewith.)

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the United States' Opposed Motion for Stay of Proceedings Pending the United States Supreme Court's Decision in *United States v. Beckles* [CV Doc. 5], [CR Doc. 59] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**